UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ASHTON E. CACHO,<br><br>                      Plaintiff,<br>    v.<br><br>DR. JOHNS, *et. al.*,<br><br>                      Defendants. | Case No. 3:16-cv-00201-MMD-VPC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

**I.    SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (ECF No. 29) ("R&R" or "Recommendation") relating to Defendants' Motion for Summary Judgment ("Defendants' Motion") (ECF Nos. 20, 21 (sealed)). Plaintiff filed his objection to the R&R on August 28, 2017 (ECF No. 32)[1], and Defendants filed their response thereto on September 11, 2017 (ECF No. 33).

**II.    BACKGROUND**

Following screening pursuant to 28 U.S.C. § 1915, the Court permitted Plaintiff to proceed on a single claim for Eighth Amendment deliberate indifference to serious medical needs. (ECF No. 3 at 5.) The facts giving rise to Plaintiff's claim is explained in details in the R&R (ECF No. 29 at 1-2), which this Court adopts.

---

[1] The deadline for Plaintiff to object expired on August 23, 2017. (ECF No. 29.) Plaintiff moved for an extension of time up to and including August 30, 2017 (ECF No. 30), which the Court grant *nunc pro tunc* (ECF No. 34). Thus, Plaintiff's objection was timely filed. In his first motion for clarification, Plaintiff appears to question why the Court granted his motion for extension when he had already filed his objection. (ECF No. 35.) However, Plaintiff's objection would have been deemed untimely had the Court not granted his motion for extension of time. The order granting the extension only addressed the request for extension, not the merits of Plaintiff's objection.

## III. LEGAL STANDARDS

### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could

find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV. DISCUSSION**

The Magistrate Judge found that Plaintiff properly exhausted his administrative remedies and recommends denying Defendants' Motion based on the affirmative defense of failure to exhaust. (ECF No. 29 at 7.) Defendants do not object to this finding. Accordingly, the Court adopts the Magistrate Judge's recommendation and denies Defendants' Motion based on Defendants' exhaustion argument. As to the merits, the

Magistrate Judge recommends granting summary judgment based on the undisputed evidence and based on Plaintiff's failure to meet his burden of demonstrating harm by any alleged delay in the scheduling of an MRI. (*Id.* at 9-10.) In particular, the Magistrate Judge found that the undisputed medical records do not support Plaintiffs assertions that Defendants have denied treatment for Plaintiff's shoulder injury, and have delayed scheduling an MRI and Plaintiff offered no evidence that he suffered harm as a result of any such delay. In light of Plaintiff's objection, the Court has engaged in a de novo review of the Magistrate Judge's recommendations and agrees with the recommendations.

In terms of Plaintiff's allegations that he had not received any treatment or had an MRI done at the time he filed the Complaint, the Magistrate Judge correctly found that the records do not support these allegations. (*Id.* at 9.) Plaintiff had an MRI on March 3, 2016 (ECF No. 21-1 at 3), which was about a month before he filed the Complaint. The undisputed medical records also reveal that Plaintiff received several medical exams, X-rays and medications for his shoulder injury (ECF Nos. 21-1, 21-2.) As the Magistrate Judge correctly found, delay in treatment is not actionable, unless the delay led to further harm and Plaintiff offered no evidence of such harm. (ECF No. 29 at 9 (citing *Shapley v. Nev. Bd. of State Prison. Comm'rs,* 766 F.2d 404, 407 (9th Cir. 1985).)

In his objection, Plaintiff argues that the Court should not grant summary judgment based on the lack of evidence that delay resulted in harm and should permit him to proceed with discovery. (ECF No. 32 at 2.) However, evidence as to whether Plaintiff suffered harm from any delay in the scheduling of an MRI may be presented by Plaintiff since Plaintiff would presumably know how he is harmed. As the nonmoving party, Plaintiff bears the burden of offering "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan*, 929 F.2d at 1409. Plaintiff has not met his burden.

Plaintiff's other main argument in objecting to the R&R is that he should be permitted to conduct discovery to amend the Complaint. (ECF No. 32 at 3.) However,

Plaintiff offered no specific or even general information as to what facts he believes he would be able to obtain in discovery that are "essential to justify" his opposition to summary judgment. *See* Fed. R. Civ. P. 56(d).

In sum, viewing the evidence and drawing all reasonable inferences in the light most favorable to Plaintiff as the non-moving party, the Court agrees with the Magistrate Judge that the records undisputedly show that Plaintiff received "thorough medical treatment and an MRI for his shoulder." (ECF No. 29 at 10.) The Court therefore overrules Plaintiff's objection and adopts the R&R.

## V.   CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 29) is accepted and adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 20) is granted.

It is further ordered that Plaintiff's motions for clarifications (ECF Nos. 35, 37) are denied as moot.

It is further ordered that the Clerk enter judgment in accordance with this Order and close this case.

DATED THIS 22nd day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE